U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 1 4 2014

TONY R. MOORE, CLERK
BY_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

**GOLDSTON**                              **CIVIL ACTION NO: 13-314**

**VERSUS**                                **JUDGE DONALD E. WALTER**

**CITY OF MONROE**                        **MAGISTRATE JUDGE HAYES**

<u>**MEMORANDUM RULING**</u>

At the commencement of the bench trial in the above captioned matter, this Court *sua sponte* questioned whether one claim was time-barred and whether other claims were actionable. Following the court's lead, Defendant City of Monroe requested a Motion to Dismiss For Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and/or Rule 12(c) or, alternatively, a Motion for Summary Judgment under Rule 56. Plaintiff Lonnie Goldston ("Goldston") opposed the motions and was given an opportunity by this Court to be heard and respond to the motions. Nonetheless, upon due consideration and the applicable law, the City of Monroe's motion to dismiss and motion for summary judgment are hereby **GRANTED**. For the reasons discussed below, this case is dismissed in its entirety with prejudice.

### I. BACKGROUND

This case arises from Goldston's complaints regarding wrongful arrests and consequential claims against the City of Monroe spanning over the last nineteen years. Goldston states in his complaint that he has been subjected to over 75 wrongful arrests since 1995. [Doc. 1].

The following arrests form the basis of this case:

**1) The November 2010 Arrest**: On November 3, 2010, Goldston alleges that he was

1

subjected to false arrest and imprisonment. *Id.*

Thereafter, the charges filed against Goldston were dismissed. [Doc. 15]. In his Complaint, Goldston notes that the charges were not dismissed until February 14, 2012. [Doc. 1]. Based on the dismissal of these charges, Goldston seems to suggest that he has an action for malicious prosecution although this is not directly stated in his Complaint.

**2) The June 2012 Arrest**: On June 21, 2012, Goldston was arrested for being in an area where he alleges that had a right to be. [Doc. 1].Goldston was tried on September 11, 2012 and found guilty. [Doc. 15]. In his Complaint, Goldston broadly asserts that he was tried without counsel and convicted. Goldston also alleges that the police officers intentionally lied to get the conviction. [Doc. 1].

**3) The September 2013 Arrest**: This arrest was not mentioned in the Complaint and no amendment was filed to include it. The September 2013 arrest was not mentioned until the Pretrial Order ("PTO"). [Doc. 13]. In the PTO, Goldston states that he was again arrested on September 26, 2013 by officers of the Richwood Police Department for possession of a firearm by a convicted felon and driving while intoxicated. Goldston notes that his arrest was in spite of the fact that he did not have a felony conviction and had nothing to drink. He alleges that he was arrested because he was "the one who caused all those problems for the City of Monroe." *Id.*

**The Instant Case**

Suit was filed in this matter on February 9, 2013. [Doc. 1]. In this action, Goldston seeks damages for:

1) Mental pain and suffering: $90,000.00

2) Physical pain and suffering $75,000.00

2

3) Future medical and psychological: $175,000.00

4) Loss of equipment: $13,700.00

5) Loss of income: $390,000.00.

## II. LAW AND ANALYSIS

The City of Monroe does not handcuff its motion to dismiss to any specific rule; rather, it leaves this procedural detail to the court's speculation. Typically, motions to dismiss are filed pursuant to one or more of Rule 12's sub-parts. The City of Monroe's motion seeks dismissal of Goldston's claims with prejudice; thus, the likeliest vehicles for relief are a motion to dismiss for failure to state a claim upon which relief can be granted, FED.R.CIV.P. 12(b)(6), or a motion for judgment on the pleadings, FED.R.CIV.P. 12(c). Either way, the inquiry is the same. *PHI, Inc. v. Office & Professional Employees Int.'l Union*, 2010 WL 3034712 (W.D. La. July 30, 2010) (citations omitted).

However, if evidence outside of the pleadings is presented to the court and used in deciding a 12(b)(6) or 12(c) motion, the motion must be converted to a motion for summary judgment. FED.R.CIV.P. 12(d); *Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285, 287 (5th Cir. 2008) (unpubl.) (*citing Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993)). In any event, the court always possesses the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995 WL 534901, at *2 (5th Cir. 1995) (unpubl.).

### A. 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim

3

for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**B. Summary Judgment Standard**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. FED.R.CIV.P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other

4

party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## C. The November 2010 Arrest Claim is Prescribed

Because 42 U.S.C. § 1983 does not include its own statute of limitations, the courts must borrow the personal injury limitations period from the forum state. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citation omitted). In Louisiana, delictual actions are subject to a liberative prescription period of one year. LA. CIV. CODE ART. 3492 ("[d]elictual actions are subject to a liberative prescription of one year ..."). Although state law governs the limitations period and tolling exceptions, federal law determines when a cause of action arises. *Jackson, supra* (citation omitted). "A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action." *Ramon v. Rodriguez-Mendoza*, 372 Fed. Appx. 494 (5th Cir. April 1, 2010) (unpubl.) (*citing Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995)).

5

It is uncontested that Goldston was arrested on November 3, 2010 and did not file suit until February 9, 2013, well over two years after his arrest. Therefore, the complaint is prescribed on its face with regard to this claim. The subsequent dismissal of the November 2010 arrest does not change our conclusion that the claim is prescribed. The fact that the charges were later dismissed does not alter the commencement date. As already duly noted, the clock begins to tick when the aggrieved party knows, or has reason to know of the injury or damages which form the basis of the action. As the Supreme Court has explained, "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *See Wallace v. Kato*, 549 U.S. 384, 391 (2007).

This Court also rejects any implied argument that Goldston makes that he has an action for malicious prosecution or abuse of process stemming from the November 2010 arrest and the subsequent dismissal of the charges in 2012. As an initial matter, this Court finds that the Goldston has not sufficiently alleged malicious prosecution. Nowhere is malicious prosecution mentioned in the Plaintiff's Complaint, not even a threadbare recital of the elements for such an action. Quite clearly, the Complaint does not allege "enough facts to state a claim to relief that is plausible on its face" to satisfy the *Twombly* standard. *See Twombly*, 550 U.S. 544, 570. Indeed, there is not even enough information alleged in Goldston's Complaint to allow this Court to draw so much as a reasonable inference that the City of Monroe engaged in malicious prosecution. *See Iqbal*, 556 U.S. at 678. At the commencement of the bench trial, Goldston asserted that the argument is part of an overall theme of the case stemming from notice provided in the Complaint. However, these broad and conclusory allegations are devoid of facts sufficient to survive this motion.

Furthermore, actions for malicious prosecution are disfavored and a clear case must be

established. *See Graham v. Foret*, 818 F. Supp. 175, 177 (E.D. La. 1992); *Jones v. Soileau*, 448 So.2d 1268 (La.1984); *Johnson v. Pearce*, 313 So.2d 812 (La.1975). It is axiomatic in this case that malicious prosecution was not expressly stated in Goldston's Complaint and this Court will not entertain vague and stealth assertions.

## D. The 2012 Arrest Claim Must be Dismissed

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Goldston was tried on September 11, 2012 and found guilty. [Doc. 15]. Moreover, his conviction has not been reversed or otherwise declared invalid. Thus, the only way that Goldston can prevail on the 2012 arrest claim would be for this Court to determine that his state law conviction was invalid. Accordingly, under *Heck v. Humphrey*, this claim must fail.

## E. The 2013 Arrest Claim is also Dismissed

As noted earlier, this arrest was not mentioned in the original Complaint and no amendment was filed to include it. Nevertheless, this Court can easily discard this claim. Goldston states that he arrested in 2013 by officers of the Richwood Police Department. Because the Richwood Police Department is not a party in this case, this claim must also be dismissed.

## III. CONCLUSION

Having reviewed the motions, the submissions and oral arguments of the parties, and the

7

applicable law, the City of Monroe's motion to dismiss and motion for summary judgment are hereby **GRANTED**. For the reasons assigned herein, this case is dismissed in its entirety with prejudice.

**THUS DONE AND SIGNED**, Shreveport, Louisiana,  this the ___ day of March, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE